AO (Rev. 5/85) Criminal Complaint                                                               JWT/jah

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA            **CRIMINAL COMPLAINT**

vs.

CASE NUMBER: 8:13-MJ-1092-T-EAJ

JASON THOMAS

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about February 7, 2013, in Pinellas County, in the Middle District of Florida, defendant(s) did,

> possess a firearm and ammunition after being convicted of a felony offense, possess a machinegun, possess a firearm not registered to him in the National Firearms Registration and Transfer Record, and possess cocaine and marijuana with intent to distribute it,

in violation of Title 18, United States Code, Sections 922(g) and (o), Title 26, United States Code, Section 5861(d), and Title 21, United States Code, Section 841(a)(1). I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes   ☐ No

_____
Signature of Complainant
Michael C. Coad

Sworn to before me and subscribed in my presence,

February 7, 2013                         at        Tampa, Florida

ELIZABETH A. JENKINS
United States Magistrate Judge                   _____
Name & Title of Judicial Officer                  Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael C. Coad, being duly sworn, depose, and state:

1. I am a Special Agent (S/A) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since 1990. My duties and responsibilities involve investigations of violations of federal law including Title 18, United States Code, Section 922 and Title 26, United States Code, Section 5861(d). I am trained in federal firearm statutes as well as other violations of the United States Code including violent crimes and narcotic offenses under Title 21, United States Code.

2. I submit this affidavit in support of a Criminal Complaint charging JASON THOMAS, DOB: XX/XX/1981, with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); possession of a machinegun, in violation of 18 U.S.C. § 922(o); possession of a firearm not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d); and possession with the intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1).

3. The statements contained in this Affidavit are based on my personal knowledge, and/or reliable information related to me by members of the St. Petersburg Police Department (SPPD) and/or others. Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to me, but only those facts that I believe are necessary to establish probable cause in support of the requested complaint.

4. On or about February 7, 2013, the SPPD Vice and Narcotics Unit executed a State of Florida search warrant at THOMAS's residence located at 2200 37th Street North in St. Petersburg, FL. After securing the residence and detaining THOMAS, a search of the residence was conducted. Numerous items of contraband

were located throughout the residence, including a total of 29 firearms, 6 of which are assault rifles, 5 shotguns (one of which is a firearm as defined by 26 U.S.C. § 5845 and has a barrel length of 11.25 inches and overall length of 20 inches), 17 handguns (to include one Mac-11 machinegun, and 1 silencer) and an additional "Streetsweeper" firearm (classified under the National Firearms Act as an "any other weapon."). In addition to the firearms, law enforcement located 8 ammunition cans containg various rounds of ammunition, 4 bullet proof vests, a total of 214 grams of marijuana, 9.5 grams of cocaine, $7,390.00 in U.S. currency, and an unknown quantity of assorted prescription pills.

    5. Following his arrest, THOMAS was read his Miranda rights, acknowledged that he understood his rights, and signed a written waiver agreeing to speak with law enforcement. THOMAS initially stated that there were between 6-7 firearms in his residence and that said firearms belonged to him. He stated that all of the narcotics in the residence belonged to him and provided law enforcement with the location of the powder cocaine, which was recovered from a backpack in the living room. Law enforcement officers located wooden crates in the garage of the residence that contained numerous firearms. THOMAS was questioned regarding the crates and as to why he did not advise law enforcement of their location. THOMAS stated that he knew law enforcement would find them anyway but was hoping that they wouldn't. THOMAS admitted to ownership of all of the firearms recovered from the crates.

    6. The narcotics and the U.S. currency was found next to THOMAS' bed. THOMAS admitted during his post-Miranda interview that he sells narcotics, primarily marijuana.

7. On or about February 7, 2013 the suspected powder cocaine and marijuana that was located during the search of THOMAS's residence field-tested positive for cocaine and marijuana by SPPD Detective Greg Shone.

8. On or about February 7, 2013, your Affiant performed a criminal history query of the Federal Bureau of Investigation' National Crime Information Center and the Florida Department of Corrections website and determined THOMAS is a convicted felon based upon, at least, the following offenses:

- Convicted on August 23, 2001, for the Trafficking in Phenethylamines, Pinellas County, Florida, case # 01-CF-006199; and

- Convicted on August 2, 2012, for Possession of Marijuana (Felony), Pinellas County, Florida, case # 12-CF-008773.

Further, THOMAS is currently on probation from his August 2012 conviction, which probation is scheduled to terminate August 1, 2014.

9. On or about January 29, 2013, your Affiant learned from the Florida Office of Executive Clemency that THOMAS has not had his rights to possess firearms or ammunition restored.

10. On or about February 7, 2013, Special Agent Craig Kailimai – an interstate nexus expert with ATF –advised your Affiant that at least 17 of the above-referenced firearms were not made in the State of Florida. For the firearms to be found in the State of Florida, they would have, therefore, had to cross state lines in order to have been present at THOMAS' residence. Thus, the firearms had been transported in or affected interstate commerce.

11. Based upon the foregoing information, your affiant respectively submits that there is probable cause to believe that the defendant, JASON THOMAS, committed violations of Title 18, United States Code, Sections 922(g) and 922(o), Title 26, United States Code, Section 5861(d), and Title 21, United States Code, Section 841(a)(1).

Further Affiant sayeth naught.

_____
Michael C. Coad
Special Agent, ATF

Sworn and subscribed to before me this
7th day of February, 2013, in Tampa, FL.

_____
ELIZABETH A. JENKINS
United States Magistrate Judge